**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-4359**

———————————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

TORRENCE LASHAWN HOWARD,

        Defendant – Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:07-cr-00260-FL-1)

———————————

Submitted: October 8, 2010     Decided: November 22, 2010

———————————

Before MOTZ, GREGORY, and WYNN, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Torrence Lashawn Howard appeals the district court's judgment entered pursuant to his guilty plea, under a written plea agreement, to carjacking, in violation of 18 U.S.C. § 2119 (2006), and using, carrying, and brandishing a firearm during and in relation to a crime of violence. 18 U.S.C.A. § 924(c)(1)(A)(ii) (West Supp. 2010). On appeal, Howard claims that the district court erred in (1) applying the two-level sentencing enhancement pursuant to U.S. Sentencing Guidelines Manual § 3B1.4 (2007); and (2) finding that Howard used a juvenile in the commission of the crime under USSG § 3B1.4. The Government filed a motion to dismiss based on an appeal waiver provision in the plea agreement. Howard filed a response to the motion to dismiss arguing that his waiver was not knowing and intelligent and presenting for the first time a claim of ineffective assistance of counsel, which he argues contributed to his unknowing and unintelligent waiver and places his appeal outside the scope of the waiver. In the alternative, Howard argues that, even if the waiver is valid, its enforcement would result in a miscarriage of justice.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review the validity of an appellate waiver de novo and will uphold a waiver

2

of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

The issues raised in Howard's opening brief are encompassed by the scope of the waiver provision in which Howard agreed to:

> waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, . . . excepting a sentence in excess of the advisory guideline range calculated at sentencing and an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Howard's claims of error in sentencing are foreclosed by the express terms of the waiver, and we dismiss the appeal as to those claims.

We conclude that Howard's claim of ineffective assistance of counsel is not cognizable on direct appeal as ineffective assistance does not conclusively appear on the record. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Furthermore, enforcement of the valid waiver provision does not result in a miscarriage of justice. See United States v. Johnson, 410 F.3d 137, 152 n.2 (4th Cir. 2005); United States v. Hahn, 359 F.3d 1315, 1327 (10th Cir. 2004). Therefore, we also dismiss Howard's ineffective assistance of counsel claim. We dispense with oral argument because the facts

3

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>